**UNITED STATES of America ex rel. Duncan Randall KELLOGG, Petitioner-Appellee,**

**v.**

**Colonel Willie H. McBEE, Respondent-Appellant.**

**No. 18096.**

United States Court of Appeals, Seventh Circuit.

Nov. 4, 1971.

Rehearing Denied Nov. 4, 1971.

William J. Bauer, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., James R. Thompson, U. S. Atty., Chicago, Ill., for respondent-appellant; John Peter Lulinski, Jeffrey Cole, Richard F. Sprague, Asst. U. S. Attys., of counsel.

Richard T. Franch, Jerold S. Solovy, Chicago, Ill., for petitioner-appellee; Jenner & Block, Chicago, Ill., of counsel.

Before DUFFY, Senior Circuit Judge, FAIRCHILD and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

A decision in this case was handed down on July 1, 1971. Thereafter, a petition for a rehearing en banc was filed and considered by this Court. The panel, after consulting with the members of the Court, determined to and did recall the former opinion dated July 1, 1971 and has substituted therefor the opinion which follows herewith:

Petitioner was placed in a I–A classification on November 19, 1966. On January 14, 1969, he was ordered to report for induction on February 26, 1969. On February 19, 1969, petitioner appeared in person at his local draft board and informed it that he was contemplating marriage, and that his fiancee was three months' pregnant. He stated that he was not then living with his fiancee. The local board postponed his induction until after March 26, 1969. Thereafter, he was ordered to report for induction on April 21, 1969.

On March 17, 1969, petitioner wrote to his local board informing it that he was now married, and that a child was due in August. He requested that allotment forms be mailed to him.

Defendant appeared before the board in person on April 9, 1969 and requested dependency form No. 118 which was

handed to him. He also requested other forms relative to applying for a fatherhood deferment and apparently received the same. On April 10, 1969, he returned the completed forms to the board. The petitioner submitted to induction on the date ordered, but promptly filed a petition for habeas corpus on June 17, 1969.

The principal issue on the merits is whether the board erred in refusing to reopen petitioner's file to consider the deferment request. 32 C.F.R. § 1622.-30(c) (3) requires that a registrant shall not be placed in Class III-A because of an unborn child " * * * unless prior to the time the local board mails him an order to report for induction which is not subsequently cancelled there is filed with the local board the certificate of a licensed physician stating that the child has been conceived, the probable date of its delivery, and the evidence upon which his positive diagnosis of pregnancy is based."

However, there is a claim in this case that the diagnosis of petitioner's fiancee's pregnancy was delayed until February 1969 because she had a kidney infection which simulated pregnancy and disrupted her menstrual period. The District Court below found that petitioner's failure to comply with the requirement of submitting proof of pregnancy before the mailing of the induction order was excusable here considering that the kidney infection delayed diagnosis. It was evident from the facts of the case and the doctor's statement that conception had occurred prior to the mailing of the induction order. Relying on Talcott v. Reed, 217 F.2d 360 (9 Cir., 1954) and United States v. Bruinier, 293 F.Supp. 666 (D.Oregon, 1958), the District Court properly held that such a situation was a circumstance over which the registrant had no control;[1] that petitioner had presented a prima facie case and the board was obliged to reopen the file.

On June 18, 1969, the District Judge ordered the Government to show cause on or about July 17, 1969, why the petition should not be granted. The Government did not file a return to the show cause order but, instead, on June 30, 1969, filed a motion to dismiss the petition for failure to state a claim. The Government averred the petitioner had not supplied his local board with the requisite physician's certificate indicating pregnancy before the induction order was issued as required by 32 C.F.R. § 1622.30(c) (3).

On July 18, the District Judge denied the motion to dismiss, and on July 28 entered an order that petitioner be released from Army custody. The order also provided that the matter be returned to the board for reopening and consideration of petitioner's claim in accordance with law.

Prior to oral argument before this Court, the Government moved to supplement the record on appeal with parts of the petitioner's selective service file which was not part of the record below and was not introduced into evidence. The Government argued these documents would indicate that the allegation of a kidney infection, or the effects thereof, were false or at least not presented to the local board.

There seems to be some justification for the Government's claim that the District Court was operating under the misapprehension that at the time the induction order was entered, the petitioner was married and living with his "wife." Furthermore, the District Court, at trial, apparently accepted as true the allegation that petitioner's wife's illness prevented an earlier diagnosis of her pregnancy, a fact the Government contests as one not being beyond the petitioner's control.

■ It is clear that under 32 C.F.R. § 1622.30(c) (3), a registrant must reasonably supply his local draft board with the requisite doctor's certificate. The Government claims a failure in following this procedure bars an otherwise valid

1. 32 C.F.R. § 1625.2.

claim to a III–A classification. Judicial review of the decision of a local board is limited to the record made before the board. A court may not create a new record by considering new evidence not previously before the board, the law being settled on this point. Cox v. United States, 332 U.S. 442, 448, 68 S.Ct. 115, 92 L.Ed. 59 (1947); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

It is obvious in reviewing the action of petitioner's local board, the Court may look only upon the evidence which was before the board at the time it refused to reopen petitioner's classification. Here, the petitioner's file or draft records never were introduced into evidence by the Government or preserved for the record in any form. Therefore, the District Court considered the allegations of the petition, and we believe acted well within its discretion. The Government now desires to supplement the record with petitioner's selective service file for the first time before this Court on appeal.

The Government argues the following facts which it alleges are readily ascertainable from petitioner's file and are necessary for a just adjudication of this dispute. These facts are firstly, petitioner was not married until February 25, 1969, which was after the date the induction order was mailed and the pregnancy was diagnosed, and secondly, no record of any kidney infection suffered by his fiancee (now his wife) was presented to the local board as a reason for failure to notify it of the pregnancy.

We deny the motion of the Government to supplement the record before us with an untimely inclusion of petitioner's entire selective service file or parts thereof. We do not think Rule 10(e) of the Federal Rules of Appellate Procedure gives us the authority to admit on appeal a document, file or series of papers which neither were introduced into evidence nor, in any manner, made a part of the record in the District Court. Union Asbestos and Rubber Co.

v. Evans Products Co., 328 F.2d 949, 950, n. 4 (7 Cir., 1964); McKinney v. Boyle, et al., 404 F.2d 632 (9 Cir., 1968).

Since we have decided not to permit a supplement of the record before this Court to include the petitioner's selective service file, we must be governed by the pleadings before the Court and the subsequent decision by the District Court below. In light of the pleadings and the decision, we believe the District Court had sufficient facts before it to find the kidney infection suffered by petitioner's wife was a circumstance over which he had no control. We feel the District Court was correct in granting the habeas corpus petition permitting a reopening of petitioner's file.

The judgment of the District Court is Affirmed.