**UNITED STATES of America,**
**Appellant,**

v.

**COMMONWEALTH OF VIRGINIA and**
**Harold W. Burgess, Appellees.**

**No. 77–1683.**

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 9, 1978.
Decided Feb. 9, 1978.

---

Vincent F. O'Rourke, Washington, D. C. (Brian K. Landsberg, Attys., Dept. of Justice, Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., and Drew S. Days, III, Asst. Atty. Gen., Washington, D. C., on brief), for appellant.

Anthony F. Troy, Atty. Gen. of Va., Richmond, Va. (D. Patrick Lacy, Jr., Chief Deputy Atty. Gen., Henry M. Massie, Jr. and Leonard L. Hopkins, Jr., Asst. Attys. Gen., Richmond, Va., on brief), for appellees.

Before HAYNSWORTH, Chief Judge, and BUTZNER and HALL, Circuit Judges.

K. K. HALL, Circuit Judge:

The United States of America brought a civil action against the Commonwealth of Virginia and the Superintendent of the Virginia State Police charging them with discriminatory employment practices. As a result of the suit, and pursuant to statutory commands, the Administrator of the Law Enforcement Assistance Administration (hereinafter LEAA) notified defendants that funds granted by LEAA would be suspended within forty-five (45) days of the filing of the complaint unless "preliminary relief" was obtained from the district court.[1] Accordingly, defendants filed a mo-

---

1. 42 U.S.C. § 3766(c)(2)(E) provides:

Whenever the Attorney General files a civil action alleging a pattern or practice of discriminatory conduct on the basis of race, color, religion, national origin, or sex in any program or activity of a State government or unit of local government which State government or unit of local government receives funds made

tion with the district court seeking to stay the suspension of the LEAA funding, which stay was granted after a hearing, for reasons stated from the bench. We vacate that order and remand with directions.

The merits of the suit charging the Commonwealth with discrimination are not now before this court. The challenge to the district court order granting preliminary relief from the suspension of LEAA funds during the pendency of the underlying suit provides the sole basis for this appeal, and we limit our opinion to the resolution of that challenge.

## I. Jurisdiction—Appealability

■ We hold that the order entered by the district court granting preliminary relief from the suspension of LEAA funding is an appealable injunction under the provisions of 28 U.S.C. § 1292(a)(1). Even if we were to accept *arguendo* the defendants' contention that the "preliminary relief" awarded by the district court did not grant, protect, or deny some or all of the substantive relief sought in the complaint, we conclude that the general rule cited by the defendants does not apply in this case. The general rule, as discussed in 9 Moore, Federal Practice ¶ 110.20[1] at 232–38 (1975), serves to broadly define whether a particu-

lar order is in fact a preliminary injunction. Yet we conclude in Part III *infra,* from the statutory scheme involved here, that the "preliminary relief" requested by the defendants is in substance a preliminary injunction. The order does not merely relate to pretrial procedures, as was true in the cases cited by the defendants. Moreover, we agree with the government that the policies discussed in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), with respect to interpreting 28 U.S.C. § 1291, fully support our conclusion that the order in this case is appealable under 28 U.S.C. § 1292(a)(1).

## II. Compliance with the Rules of Civil Procedure

■ At the conclusion of the hearing, the district court orally stated its findings of fact and conclusions of law from the bench, with the written order thereafter entered merely making reference to the "reasons stated from the bench". We hold that the district court's oral opinion and subsequent order did not comply with the provisions of Rules 52(a)[2] and 65(d)[3] of the Federal Rules of Civil Procedure relating to findings of fact and conclusions of law in the granting of a preliminary injunction.[4]

available under this chapter, and the conduct allegedly violates the provisions of this section and neither party within forty-five days after such filing has been granted such preliminary relief with regard to the suspension or payment of funds as may be otherwise available by law, the Administration shall suspend further payment of any funds under this chapter to that specific program or activity alleged by the Attorney General to be in violation of the provisions of this subsection until such time as the court orders resumption of payment.

**2.** Rule 52(a) of the Federal Rules of Civil Procedure provides:

*Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. . . . If an opinion or memoran-

dum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. . . .

**3.** Rule 65(d) of the Federal Rules of Civil Procedure provides:

*Form and Scope of Injunction or Restraining Order.* Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

**4.** Although Congress called the remedy here "preliminary relief", we hold that the standards for granting a preliminary injunction, both procedural and substantive, apply to the granting of preliminary relief. *See* Part III *infra.*

Although we sympathize with the task of the district court in trying to determine what Congress meant by the words "preliminary relief" as found in 42 U.S.C. § 3766(c)(2)(E), we believe that the district court did not indicate clearly what law it was applying, much less the conclusions of law it made from an application of the facts. Furthermore, as was the situation in *E.E.O.C. v. United Virginia Bank/Seaboard National,* 555 F.2d 403 (4th Cir. 1977), "[t]he findings of fact, on which the judgment was granted, were phrased in broad conclusory terms and did not include any subsidiary findings which would give appropriate support to the Court's conclusory findings." 555 F.2d at 405.

Therefore, we must vacate the district court order and remand this case for the entry of detailed findings of fact and conclusions of law as required by Rules 52(a) and 65(d).

### III. *Standards for Granting "Preliminary Relief"*

On remand, the district court will again be required to determine what is the proper standard to apply when ruling on a request for preliminary relief. The oral opinion first rendered by the district court apparently applied the test of "likelihood of success on the merits" in deciding that defendant was entitled to preliminary relief. Our review of the briefs and arguments before this court on this issue leads us to hold that the appropriate standard for determining when to grant preliminary relief is the standard normally applied in granting preliminary injunctions. *See Blackwelder Furniture Co. v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir. 1977). Although the legislative history surrounding this particular statute, and specifically the meaning of preliminary relief, provides little, if any, guidance, the result of relief granted through "preliminary relief" is so akin to the purposes of a preliminary injunction that the same standards should apply to the granting of both.

Accordingly, the order of the district court is vacated and remanded for further proceedings to be conducted consistent with this opinion.

VACATED AND REMANDED WITH DIRECTIONS.