UNITED STATES of America, Plaintiff,

v.

COUNTY OF MILWAUKEE and Michael Wolke, Sheriff, Defendants.

No. 78–C–163.

United States District Court, E. D. Wisconsin.

April 28, 1978.

Maimon Schwarzschild, Dept. of Justice, Civil Rights Division, Washington, D. C., for plaintiff.

Robert P. Russell, Corp. Counsel of Milwaukee County by A. Frank Putz and Patrick J. Foster, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

The defendant has filed a motion for a preliminary injunction restraining the Law Enforcement Assistance Administration from suspending the funding of the defendant sheriff's department programs until the final hearing in this case.

■ This is an action by the United States against Milwaukee County and the Milwaukee County sheriff's department charging them with engaging in various discriminatory employment practices against women. Sex discrimination in employment is prohibited in any program or activity funded under the Omnibus Crime Control and Safe Streets Act, as amended, 42 U.S.C. § 3701 *et seq.*, or under the State and Local Assistance Act of 1972, as amended, 31 U.S.C. § 1221 *et seq.*, 42 U.S.C. § 3766(c)(1); 31 U.S.C. § 1242. The complaint alleges that Milwaukee County has received funding under both acts and has in turn funded the activities of the Milwaukee County sheriff's department. The plaintiff seeks injunctive relief prohibiting the allegedly unlawful practices of the defendants.

The defendants' motion for a preliminary injunction arises from the imminent action of the Law Enforcement Assistance Administration to suspend the payment of funds under the Omnibus Crime Control and Safe Streets Act, pursuant to 42 U.S.C. § 3766(c)(2)(E). The latter statute provides:

"Whenever the Attorney General files a civil action alleging a pattern or practice of discriminatory conduct on the basis of race, color, religion, national origin, or sex in any program or activity of a State government or unit of local government which State government or unit of local government receives funds made available under this chapter, and the conduct allegedly violates the provisions of this section and neither party within forty-five days after such filing has been granted such preliminary relief with regard to the suspension or payment of funds as may be otherwise available by law, the Administration shall suspend further payment of any funds under this chapter to that specific program or activity alleged by the Attorney General to be in violation of the provisions of this sub-

section until such time as the court orders resumption of payment."

The plaintiff opposes the defendants' motion, contending that they have failed to make the requisite showing for a preliminary injunction.

The parties disagree over the proper standard to be employed in determining whether a preliminary injunction should be granted. The plaintiff relies on the recent decision of the fourth circuit court of appeals in *United States v. Commonwealth of Virginia*, 569 F.2d 1300 (4th Cir. 1978), where it was held that the appropriate standard for determining whether to grant preliminary relief restraining the cut-off of funds under 42 U.S.C. § 3766(c)(2)(E) is "the standard normally applied in granting preliminary injunctions." (at 1303). The plaintiff argues that the defendants, as the parties seeking the preliminary injunction, must carry the burden of persuasion as to all prerequisites for a preliminary injunction, including a showing of irreparable injury and a likelihood of success on the merits. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096 (7th Cir. 1976).

The defendants argue that in *Fox Valley Harvestore Products, Inc.* the burden of proof to establish a reasonable likelihood of success on the merits was placed on the plaintiff, and therefore the plaintiff in this action must also assume the burden of proof that it has a reasonable likelihood of success on the merits. For this reason, the defendants have made no attempt to establish their likelihood of success on the merits of the action.

 In my judgment, the defendants' argument is meritless. It is true that the court in *Fox Valley Harvestore Products, Inc.* held that "[a] preliminary injunction is an extraordinary remedy which is not available unless the plaintiffs carry their burden of persuasion as to all of the prerequisites." 545 F.2d at 1097. However, the reason the burden of proof was placed on the plaintiff in that case is that the plaintiff was the party seeking the preliminary injunction. It may be, as the defendants urge, that

consideration should be given to the fact that a preliminary injunction in this case will preserve the status quo. However, this fact alone does not operate to shift the burden of proof as to any of the elements required for a preliminary injunction. The defendants have failed to show that they have a reasonable likelihood of success on the merits; accordingly, I find that the defendants have failed to carry their burden of proof. It follows that the defendants' motion must be denied.

Therefore, IT IS ORDERED that the defendants' motion for a preliminary injunction be and hereby is denied.