774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl W. Stotts, et al., Plaintiffs-Appellees,
v.
Memphis Fire Department, et al., Defendants-Appellants.
 No. 85-5001
 United States Court of Appeals, Sixth Circuit.
 9/11/85
 
 W.D.Tenn.
 VACATED AND REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 Before: LIVELY, MERRITT and CONTIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Memphis Fire Department appeals from a preliminary injunction issued by the district court reinstating firefighter Jesse Jones, Jr. to the rank of captain pursuant to a finding that the Department engaged in a pattern or practice of disparate disciplinary treatment based on race, asserting jurisdiction under a 1980 consent decree entered into by the Department and a class of its black employees. For the reasons that follow, we vacate the judgment of the district court and remand for proceedings consistent with this opinion.
 
 I.
 
 2
 On December 2, 1983, plaintiff Jesse Jones, Jr. applied for a temporary restraining order and an order to show cause why a preliminary injunction should not issue. Jones alleged that on November 20, 1983, Jones, a black firefighter and former president of the black firefighters association, the Pioneers, was attacked by a white lieutenant. After a hearing on November 23, both Jones and the white lieutenant were demoted to private, a demotion of two grades for Jones and one for Boillot, the white lieutenant. The motion alleged that '[i]n the context of other recent incidents, similar disproportionate discipline has been meted out to blacks. Private Donald Murray was recently discharged for involvement in a fight, yet the white private who attacked him was only suspended.' Jones claimed that the disparate discipline was due to his race and advocacy through the Pioneers. Jones alleged that an injunction was required due to the irreparable harm that would result from his demotion because other black employees would be intimidated against protecting themselves. Jones alleged that disparate discipline violated Paragraph 1 of the consent decree.
 
 
 3
 The consent decree, set out at Stotts v. Memphis Fire Department, 679 F.2d 541, 573-579 (6th Cir. 1982), provided that the Department did not admit violation of any law, rule, or regulation, although the complaint had alleged violations of Title VII, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Secs. 1981, 1983. The decree never mentions discipline or demotions. Paragraph 1 of the consent decree provides:
 
 
 4
 Defendants are compelled by law and by entering into this Consent Decree acknowledge their obligation to, and agree that they shall, refrain from engaging in any act or practice which has the purpose or effect of unlawfully discriminating against any employee of, or any applicant or potential applicant for employment with, the Memphis Fire Department because of such individual's race or color. Defendants in addition acknowledge their duty under law to and agree that they shall, refrain from discrimination at any time on the basis of race in hiring, promotion, upgrading, training, assignment or discharge or otherwise discriminating against an individual employee or applicant for employment with respect to compensation, terms and conditions or privileges of employment because of such individual's race. The City shall take reasonable steps to assure that no member of the Fire Department interferes with the enforcement of this decree by any means. The acknowledgments set forth in this paragraph do not create a right or rights in any person or groups of persons to seek relief under this Decree for defendants' failure to comply with their general legal obligations as described in this paragraph, except for conduct which constitutes a pattern or practice of unlawful discrimination on the basis of race.
 
 
 5
 679 F.2d at 574-75 (emphasis added).
 
 
 6
 The district court held a hearing on December 16, 1983, and on December 19, in an oral ruling, the district court ordered Jones reinstated, finding 'a pattern and practice of the City to not recognize properly the black Fireman.' On December 22, the Department applied for a stay pending appeal. The court denied the motion for a stay and reviewed its oral ruling on the request for injunctive relief.
 
 
 7
 The Court found that Lieutenant Boyillot has an hostility to Black firemen and has expressed it by racial epithet. The Court further found that Lieutenant Boyillot clearly provoked the altercation by insubordinate conduct toward Captain Jones and that Lieutenant Boyillot made the first physical contact which resulted in an altercation wherein Captain Jones struck and injured Lieutenant Boyillot. The Court found that not only was the punishment disparate between the two officers, with the more harsh treatment to the Black officer, but also the Department had, on other occasions, granted more severe punishment to Black firemen when altercations arose. One of those occurred in a prior disciplinary action toward Captain Jones, then a private, when he was dismissed (he was later reinstated by the Civil Service) and the other man was suspended for sixteen (16) hours. In another incident, a Black fireman was dismissed after an altercation with a White fireman named Bennett. Bennett was suspended for ninety-six (96) hours. Much is made by the defendants over some prior discipline imposed upon Jesse Jones for 'fighting'. None of the incidents were related to the current problem and none of them occurred after Jones became a lieutenant or captain.
 
 II.
 
 8
 The parties agree that the principal issue before this panel and the district court was whether plaintiff Jones had established a 'pattern or practice' sufficient to invoke the district court's jurisdiction under the consent decree.[1] Fed. R. Civ. Pro. 52(a) provides in pertinent part:
 
 
 9
 In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. . . . It will be sufficient if the findings of fact and conclusions of law are stated orally and recorded in open court following the close of the evidence or appear in an opinion or memorandum of decision filed by the court.
 
 
 10
 'It is of the highest importance to a proper review of the action of a court in granting or refusing a preliminary injunction that there should be fair compliance with Rule 52(a) . . ..' Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 316 (1940); In Re Delorean Motor Company, 755 F.2d 1223, 1228 (6th Cir. 1985); United States v. School District of Ferndale, 577 F.2d 1339, 1352 (6th Cir. 1978). While oral decisions are acceptable 'if they convey the facts and conclusions of law upon which the decision was reached,' Hawkins v. Ohio Bell Telephone Co., 93 F.R.D. 547, 553 (S.D. Ohio 1982), 'the findings of the trial court must be sufficiently detailed to give us a clear understanding of the analytical process by which ultimate findings were reached and to assure us that the trial court took care in ascertaining the facts,' Golf City, Inc. v. Wilson Sporting Goods Co., 555 F.2d 426, 433 (5th Cir. 1977). These findings should not be merely conclusory, United States v. Commonwealth of Virginia, 569 F.2d 1300, 1303 (4th Cir. 1978); EEOC v. United Virginia Bank/Seaboard National, 555 F.2d 403, 406 (4th Cir. 1977), nor, on appeal, may the arguments of the parties substitute for findings of fact by the district court, United Virginia/Seaboard National, 555 F.2d at 405 n.5. See also Deal v. Cincinnati Board of Education, 369 F.2d 55, 63-64 (6th Cir. 1966), cert. denied, 389 U.S. 847 (1967).
 
 
 11
 The absence of adequate findings is highlighted in this case by our deferential standard of review. We review the district court's findings of fact for clear error, Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 374 (6th Cir. 1984), and '[w]hen findings are based on determinations regarding the credibility of witnesses, Rule 52 demands even greater deference to the trial court's findings,' Anderson v. City of Bessemer City, 105 S. Ct. 1504, 1512 (1985). 'The reviewing court oversteps the bounds of its duty under Rule 52 if it undertakes to duplicate the role of the lower court.' Id. at 1511. The sparseness and conclusory nature of the trial court's findings would require us to overstep the bounds of our duty and, essentially, to duplicate the role of the district court, substituting the arguments of the parties for considered findings of the district court. This we decline to do.
 
 
 12
 It has long been clear that '[w]hen the court does not make findings which are sufficient to indicate the factual basis for its ultimate conclusion, the appropriate procedure is to vacate the judgment and remand for such findings.' Squirtco v. Seven-Up Co., 628 F.2d 1086, 1092 (8th Cir. 1980); Grover Hill Grain Co. v. Baughman-Oster, Inc., 728 F.2d 784, 794 (6th Cir. 1984); Armstrong v. Collier, 536 F.2d 72, 77 (5th Cir. 1976); Traylor v. United States, 396 F.2d 837, 840 (6th Cir. 1968); Harrison Const. Co. v. Ohio Turnpike Commission, 316 F.2d 174, 184 (6th Cir. 1963).[2]
 
 
 13
 Accordingly, the judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 In Firefighters Local Union No. 1784 v. Stotts, 104 S. Ct. 2576 (1984), the Court held that 'the 'scope of a consent decree must be discerned within its four corners, and not by reference to what might satisfy the purposes of one of the parties to it' or by what 'might have been written had the plaintiff established his factual claims and legal theories in litigation." Id. at 2586, quoting United States v. Armour & Co., 402 U.S. 673, 681-82 (1971)
 
 
 [2]
 Jones attached to his brief a written reprimand he received for neglect of duty on December 31, 1984, Jones' response to the reprimand, and an editorial from the Memphis Commercial Appeal praising Judge McRae's handling of the case. The Department requests that we strike these exhibits on the ground that they were not presented to the district court
 In S&E Shipping Corp. v. Chesapeake & Ohio Railway Co., 678 F.2d 636 (6th Cir. 1982) we held that 'Rule 10(e) allows modification of the record transmitted to the court of appeals so that it adequately reflects what happened in the district court. . . . The rule is properly used to ensure that the record before the court of appeals is accurate.' Id. at 641 n.9.
 The purpose of the rule is to allow the district court to correct omissions from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals. . . . Appellate Rule 10(e) does not empower a district court to accept stipulations which significantly alter the record after a notice of appeal has been filed.
 Id. (footnotes omitted). While the court on appeal has discretionary authority to supplement the record with material not reviewed by the district court, Dickerson v. State of Alabama, 667 F.2d 1364, 1367 (11th Cir.), cert. denied, 459 U.S. 878 (1982); Turk v. United States, 429 F.2d 1327, 1329 (8th Cir. 1970), most courts have disapproved of adding new material to the record, Anthony v. United States, 667 F.2d 870, 875 (10th Cir. 1981), cert. denied, 457 U.S. 1133 (1982); United States v. Walker, 601 F.2d 1051, 1054 (9th Cir. 1979) ('Rule 10(e) cannot be used to add to or to enlarge the record on appeal to include material which was not before the district court.'); United States ex rel Mulvaney v. Rush, 487 F.2d 684, 687 (3d Cir. 1973); United States v. Smith, 493 F.2d 906, 907 (5th Cir. 1974) ('Rule 10(e) exists to allow the district court to conform the record to what happened, not to what did not.') (footnote omitted); Borden, Inc. v. F.T.C., 495 F.2d 785, 788 (7th Cir. 1974) ('Rule 10(e) does not give this court authority to admit on appeal any document which was not made a part of the record in the district court.'); United States ex rel. Kellogg v. McBee, 452 F.2d 134, 137 (7th Cir. 1971); Kennedy v. United States, 115 F.2d 624, 625 (9th Cir. 1940). 'Any reference to material not in the agreed record for appeal, much less its inclusion in a brief filed with the Court, is both improper and censurable.' United States v. Anderson, 481 F.2d 685, 702 n.19 (4th Cir. 1973), aff'd, 417 U.S. 211 (1974); Commonwealth of Massachusetts v. U. S. Veterans Administration, 541 F.2d 119, 123 n.5 (1st Cir. 1976) (appendix stricken); Watson v. Rhode Island Insurance Co., 196 F.2d 254, 256 (5th Cir. 1952) (motion to strike granted); Heath v. Helmick, 173 F.2d 156 (9th Cir. 1949). Accordingly, the challenged exhibits are stricken.