947 F.2d 948
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cheryl Diane SWIFT, Plaintiff-Appellant,
v.
CONTINENTAL ILLINOIS NATIONAL BANK AND TRUST COMPANY OF
CHICAGO, Defendant-Appellee.
 No. 90-2003.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 2, 1991.*
Decided Oct. 22, 1991.
 
 Before POSNER, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Cheryl Diane Swift appeals the district court's grant of summary judgment to the appellee on her race discrimination claim brought pursuant to Title VII, 42 U.S.C. § 2000e, et seq.
 
 
 2
 A motion for summary judgment should be granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We have reviewed the record de novo, Gilty v. Village of Oak Park, 919 F.2d 1247, 1250 (7th Cir.1990), and we affirm the district court's summary judgment.
 
 
 3
 In June 1987, Ms. Swift applied to Continental Illinois National Bank and Trust Company (Continental) for a Facilities Project Manager position in Chicago. Ms. Swift was neither interviewed nor hired for this position. Ms. Swift alleges she was not hired because she is black. Continental contends her application was denied because Ms. Swift neither lived nor had prior job-related experience in the Chicago area.
 
 
 4
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973), and Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089 (1981), set forth the shifting burdens of proof in employment discrimination cases. First, the complainant must establish a prima facie case by the preponderance of the evidence. McDonnell Douglas, 411 U.S. at 802, 93 S.Ct. at 1824; Burdine, 450 U.S. at 252-53, 101 S.Ct. at 1093. If this burden is met, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its actions. 411 U.S. at 802, 93 S.Ct. at 1824; 450 U.S. at 253, 101 S.Ct. at 1094. The burden then shifts back to the complainant who must show the defendant's articulated reason is only a pretext for discrimination. 411 U.S. at 804, 93 S.Ct. at 1825; 450 U.S. at 253, 101 S.Ct. at 1095.
 
 
 5
 Here the evidence before the district court[1] shows the plaintiff has not met her burden of proof. We assume, without deciding, that the plaintiff has established a prima facie case. The defendant has articulated two legitimate business reasons for not hiring Ms. Swift: the expense involved in interviewing and hiring applicants from outside the Chicago area, and the desire for an employee with work experience in the Chicago area. (R. 19-McElroy Aff. pp 5-6). These reasons are sufficient to rebut the plaintiff's prima facie case and shift the burden of proof back to Ms. Swift. See Burdine, 450 U.S. at 257, 101 S.Ct. at 1096 ("[T]he employer need only produce admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had not been motivated by discriminatory animus."). The plaintiff has not come forward with any evidence to show that the reasons articulated by the defendant are a pretext for racial discrimination. The plaintiff may not simply rely on her pleadings. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986). It is well established that "[t]he moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Id. at 323, 106 S.Ct. at 2552. The district court acted properly in granting the defendant's motion for summary judgment.
 
 
 6
 Ms. Swift also submits that her counsel was ineffective. Nonetheless, defendant is correct in asserting that there is no right to effective assistance of counsel in a civil case. Wolfolk v. Rivera, 729 F.2d 1114, 1120 (7th Cir.1984); Hutcherson v. Smith, 908 F.2d 243, 245 (7th Cir.1990).[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The litigants dispute whether the letter dated April 18, 1988 from Mark B. Knudsen to John Pacella of the Equal Employment Opportunity Commission should be considered as part of the record on appeal. After careful review of the record, it appears that this letter was submitted by the plaintiff only after the summary judgment order had been entered, as an exhibit attached to plaintiff's notice of appeal. (Rec. 28-Ex. 7.) It was not before the district court, and the appellant has not moved to supplement the record on appeal under Fed.R.App.P. 10, so the letter will not be included in the record on appeal. United States ex rel. Kellogg v. McBee, 452 F.2d 134 (7th Cir.1974)
 
 
 [2]
 See Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir.1989) ("The remedy for a client who suffers ... because of the negligence of his attorney is a malpractice action; the remedy is not in avoiding the consequences of the conduct of a freely selected agent.")