12 F.3d 1100
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph BOOKER, Plaintiff-Appellant,
v.
C.R. INDUSTRIES, INC., Defendant-Appellee.
 No. 93-1218.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 25, 1993.*
Decided Dec. 6, 1993.
 
 1
 Before POSNER, Chief Judge, MANION, Circuit Judge, GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Plaintiff, Joseph Booker, filed an employment discrimination suit in the district court alleging that he had been demoted and discharged from his employment at C.R. Industries, Inc. ("CRI") in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 623. CRI filed a motion for summary judgment and a Statement of Uncontested Material Facts in accordance with Local District Court Rule 12(m) on October 21, 1992. On December 29, 1992, the district court granted CRI's motion, and this appeal followed. For the following reasons, the judgment of the district court is AFFIRMED.
 
 I. BACKGROUND
 
 3
 Booker was hired by CRI in 1974. From May 1986 to September 1990, he worked as a facilities engineer. In that capacity, Booker earned $40,000 a year and managed capital facility renovation projects, working as a construction project manager and liaison between the company and outside contractors. After Booker's primary project, a technology center, wound down in 1989, his work load decreased and he began asking for additional work. Booker was not the only engineer in need of work at CRI. According to Booker, Frank Surowka, a manufacturing engineer who was hired in May 1990, also had little to do.
 
 
 4
 In September 1990, CRI decided it was time to reduce the size of its engineering group. On September 28, 1990, Roy Sample, the Manager of Facilities, called Booker into his office and told him that his job was being eliminated and that he could take the job of night shift supervisor at the same salary if he wanted it. Although the night shift supervisor position had been eliminated several years earlier, CRI apparently was willing to recreate the position for Booker. Booker considered the new position a "dead-end" job, but accepted CRI's offer. When he asked Sample why Surowka, a "younger" employee at age 40, was being retained rather than him, Sample told him that he "considered Frank Surowka more qualified" and that Surowka had "better project experience." Four months later, on January 25, 1991, Booker received written notice from Will Mixon, CRI's Vice-President of Manufacturing, telling him that his position was being eliminated effective immediately "due to reduced business activity, and our forecast of activity of the specific industries that we serve."
 
 
 5
 Booker ultimately filed suit in federal district court alleging that his demotion to night shift supervisor in September 1990 and his discharge in January 1991 violated the ADEA. CRI moved for summary judgment, and submitted its Statement of Uncontested Material Facts in accordance with Local District Court Rule 12(m). Booker did not respond within the time specified by the district court.[1]
 
 
 6
 Consistent with this court's interpretation of Local District Court Rule 12, Judge Marovich deemed all facts asserted in CRI's uncontested Rule 12(m) statement admitted. See Tobey v. Extel/JWP, Inc., 985 F.2d 330, 333 (7th Cir.1993); Schulz v. Serfilco, Ltd., 965 F.2d 516, 518-19 (7th Cir.1992). Included among those admissions were the following two paragraphs:
 
 
 7
 6. "... During January, 1991 [CRI] laid off a number of other employees from all plants because of the poor economy, according to the Company." Plaintiff ... was advised by [CRI] in writing that "Effective January 25th, 1991, [his] position [was] being eliminated due to reduced business activity, and [CRI's] forecast of the specific industries that [it] serve[d]" ... "[N]o one [replaced Booker in the night shift supervisor position]."
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 10. ... [CRI] articulated to [Booker] the business reason for [his demotion]: "the facilities engineering group was going to have to be reduced" and ... Roy Sample, "said that he considered Frank Surowka more qualified." "When [Booker] asked management why Surowka was being retained as a facilities engineer rather than [him], [he] was told Surowka had 'better project experience.' "
 
 
 11
 The district court found that CRI had thus satisfied its burden of articulating legitimate, nondiscriminatory reasons for demoting and discharging Booker, and that Booker had failed to show that CRI's stated reasons were merely a pretext for discrimination.
 
 II. ARGUMENTS
 
 12
 Booker disagrees. Although he apparently concedes the fact that his discharge was the result of a reduction-in-force affecting both young and old alike and necessitated by the economy, Booker contends that "there is a wealth of evidence ... revealing pretext in the company's articulated reason for demoting [him] rather than Surowka to the night shift position." He cites as examples:
 
 
 13
 (1) the fact that the night shift supervisor position had been eliminated several years earlier, and was temporarily re-established for him in September 1990;[2] and
 
 
 14
 (2) statements made during the course of his own deposition on August 14, 1992 to the effect that Surowka was not better qualified for the engineering position; that Surowka was the "more appropriate" candidate for the night shift supervisor position and should have been transferred there instead of him; and that while he didn't know how the company made the lay-off decisions in January 1991, he thought seniority should have had something to do with it.
 
 III. STANDARD OF REVIEW
 
 15
 We review the grant of summary judgment de novo, "without deference for the view of the district court and hence almost as if the motion had been made to us directly." Tobey, 985 F.2d at 332. We must determine whether a reasonable factfinder could find in favor of the party opposing the motion for summary judgment based on the record before us. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Tobey, 985 F.2d at 332.
 
 IV. DISCUSSION
 
 16
 Whether Booker could have established a prima facie case of discrimination is not material to the outcome of this case. We assume for the sake of argument that he could.[3] The district court made the same assumption and shifted the burden to CRI to produce legitimate, nondiscriminatory reasons for its actions. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254-55 (1981); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The court found that CRI satisfied its burden when it produced various documents tending to show that its engineering group had to be reduced for economic reasons; that it retained Surowka as a manufacturing engineer because he was more qualified and had better project experience; and that it discharged Booker "due to reduced business activity, and [CRI's] forecast of the specific industries that [it] serve[d]."[4] The law requires nothing more.
 
 
 17
 The defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff.
 
 
 18
 Burdine, 450 U.S. at 254-55. See also Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 1244 (7th Cir.1992); Heerdink v. Amoco Oil Co., 919 F.2d 1256, 1260 (7th Cir.1990), cert. denied, --- U.S. ----, 111 S.Ct. 2826, 115 L.Ed.2d 996 (1991).
 
 
 19
 The legal presumption of intentional discrimination created by Booker's prima facie showing was rebutted and dropped from the case once CRI met its burden of production, and Booker was left with the ultimate burden of proving that CRI's stated reasons were really a pretext for age discrimination. See St. Mary's Honor Center v. Hicks, --- U.S. ----, 113 S.Ct. 2742, 2747, 2749, 125 L.Ed.2d 407 (1993); Burdine, 450 U.S. at 255 n. 10. To do so, he must prove that CRI's proffered explanations for its adverse employment decisions were false (that they were not the "true reason"), and that age was a determinative factor in CRI's decision-making process. St. Mary's Honor Center, 113 S.Ct. at 2752; Hazen Paper Co. v. Biggins, --- U.S. ----, 113 S.Ct. 1701, 1706, 123 L.Ed.2d 338 (1993); U.S. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 716 (1983); Benzies v. Illinois Dept. of Mental Health and Developmental Disabilities, 810 F.2d 146, 148-49 (7th Cir.), cert. denied, 483 U.S. 1006 (1987). The district court found that Booker failed to meet that burden and we agree.
 
 
 20
 On appeal, Booker does not challenge CRI's reasons for discharging him on January 25, 1991, but rather focuses on CRI's reasons for demoting him to night shift supervisor, a decision which he says was "tantamount to a discharge." Roy Sample, Booker's supervisor at CRI, told Booker that Surowka was retained as the only engineer because he had "better project experience" and was "more qualified." Booker contends that Sample's statements are not true. In support of his claim, he refers the court to numerous self-serving statements in his deposition relating to what he perceives Surowka's qualifications and experience to be. Such statements, however, do not establish that the proffered reasons were a pretext for discrimination. See Gustovich v. AT & T Communications, Inc., 972 F.2d 845, 848 (7th Cir.1992); Williams v. Williams Electronics, Inc., 856 F.2d 920, 924 (7th Cir.1988); Dale v. Chicago Tribune Co., 797 F.2d 458, 464-65 (7th Cir.1986), cert. denied, 479 U.S. 1066 (1987). "A desire to hire the more experienced or better qualified applicant is a nondiscriminatory, legitimate, and common reason on which to base a hiring decision." Heerdink, 919 F.2d at 1260 (quoting Holder v. Old Ben Coal Co., 618 F.2d 1198, 1202 (7th Cir.1980)). So too, pretext may not be inferred from the mere fact that CRI retained a younger engineer (Surowka), La Montagne v. American Convenience Products, Inc., 750 F.2d 1405, 1412-13 (7th Cir.1984); Monaco v. Fuddruckers, Inc., 1 F.3d 658, 661 (7th Cir.1993), or was willing to create a new position for Booker when it eliminated the position of facilities engineer.
 
 
 21
 In the absence of any evidence tending to show that CRI's stated reasons for demoting and ultimately discharging Booker were false and that age was a determinative factor in CRI's decision-making process, CRI was entitled to judgment as a matter of law. St. Mary's Honor Center, 113 S.Ct. at 2752; Hazen Paper Co., 113 S.Ct. at 1706; Aikens, 460 U.S. at 716.
 
 
 22
 AFFIRMED.
 
 
 
 *
 On September 24, 1993, the parties filed an Agreed Motion to Waive Oral Argument in this case. That motion was granted on September 29, 1993, the oral argument set for October 25, 1993 was vacated, and the appeal has been submitted on the briefs
 
 
 **
 The Honorable Robert A. Grant, Senior District Judge, United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 CRI's motion to strike Exhibit 2 of Booker's reply brief currently pends before this court. Exhibit 2, a motion for extension of time to respond to CRI's motion for summary judgment, was not filed in the district court, was not made a part of the record before the district court either before or after it issued its decision, and does not constitute a part of the record on appeal. Fed.R.App.P. 10(a). Although Rule 10(e) provides the mechanism by which the record on appeal may be supplemented to correct any material omissions, Booker has failed to avail himself of those procedures. Under the circumstances, CRI's motion to strike is GRANTED. See U.S. ex rel Kellogg v. McBee, 452 F.2d 134, 137 (7th Cir.1971); Union Asbestos & Rubber Co. v. Evans Products Co., 328 F.2d 949, 950 n. 4 (7th Cir.1964)
 
 
 [2]
 Booker believes the position was resurrected as a "temporary repository" for him "to soften the appearance of favoring a younger engineer [Surowka] ..."
 
 
 [3]
 Under the indirect method of proving disparate treatment in an ADEA reduction-in-force ("RIF") case such as Booker's, the plaintiff must show that (1) he was within the protected age group (over the age of 40); (2) he was performing according to his employer's legitimate expectations; (3) he was discharged (or demoted); and, (4) other similarly situated employees who were not in the protected class were treated more favorably (i.e., not discharged, "bumped", or demoted). Oxman v. WLS-TV, 846 F.2d 448, 455 (7th Cir.1988). Booker clearly satisfied the first three elements, and probably could have satisfied the fourth had he responded to CRI's motion. See Oxman, 846 F.2d at 455; Matthews v. Allis-Chalmers, 769 F.2d 1215, 1223 (7th Cir.1985)
 
 
 [4]
 In addition to the admissions in CRI's Statement of Uncontested Material Facts, CRI submitted excerpts from Booker's August 14, 1992 deposition, documents from Booker's personnel file, various handwritten statements by Booker, and the notice of termination dated January 25, 1991