Diane M. TOBEY, Plaintiff–Appellant,

v.

EXTEL/JWP, INCORPORATED, and Stuart Schwartz, Defendants–Appellees.

No. 92–1754.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1992.

Decided Feb. 3, 1993.

As Amended on Denial of Rehearing Feb. 22, 1993.

Kenneth A. Henry (argued), Chicago, IL, for plaintiff-appellant.

James J. Convery, Robert H. Brown, Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Chicago, IL, for defendants-appellees.

Before CUMMINGS, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

On April 25, 1990, Diane Tobey filed this suit in federal district court, alleging various forms of sex discrimination by her former employer (Computat, now Extel) and one of her supervisors (Schwartz), in violation of Title VII and the Equal Pay Act. After pretrial discovery, the defendants on September 6, 1991, moved for summary judgment. Tobey asked for and was granted leave to file a response by October 4. Two timely filed and granted extensions of time brought the due date to November 8. When no response had been received by December 4, the district judge issued a brief order that after reciting the chronology of filings states: "Defendants' motion for summary judgment is therefore granted due to plaintiff's failure to respond." No formal judgment was entered. Two weeks later Tobey moved for reconsideration. The judge denied the motion on March 2 in another brief order, which concludes: "A post-ruling response on December 18th is just too late." Again no formal judgment was entered, but both parties treat the March 2 order as the final judgment from which Tobey is appealing. Although the order does not comply with the requirements of Fed.R.Civ.P. 58, it sufficiently indicates Judge Zagel's determination to be done with the case to constitute a final decision for purposes of 28 U.S.C. § 1291. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978) (per curiam); *Abbs v. Sullivan*, 963 F.2d 918, 923 (7th Cir.1992). Nevertheless we will repeat our ritual request to the district courts to issue separate judgment orders in order to spare us from having to wrestle unnecessarily with issues of appealability.

■ On the merits, the defendants rightly confess error on the learned district judge. Nowhere in Rule 56 is the granting of summary judgment authorized as a sanction for failing to file a timely response to a motion for summary judgment. Rule 56(e) provides that if the adverse party does not respond to the motion, summary judgment shall be entered "if appropriate"—that is, if the motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. There are plenty of sanctions for untimely filings, but granting summary judgment is not one of them. *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir.1989) (per curiam); cf. *Adickes v. Kress & Co.*, 398 U.S. 144, 160–61, 90 S.Ct. 1598, 1609–10, 26 L.Ed.2d 142 (1970); *Thornton v. Evans*, 692 F.2d 1064, 1074–75 (7th Cir.1982). Judge Zagel could perhaps have dismissed the suit for want of prosecution, and perhaps that is what he meant to do. But he purported to grant summary judgment, and we cannot be certain that this was merely a slip of the tongue that we are free to ignore.

■ It makes no difference in the end. The question whether a movant is entitled to summary judgment is one of law—one therefore that we review de novo, which is to say without deference for the view of the district judge and hence almost as if the motion had been made to us directly. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1188 (7th Cir. 1990). So we must consider the defendants' argument that they are entitled to summary judgment not because Tobey failed to respond to their motion but because the motion shows that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *DeBruyne v. Equitable Life Assurance Society*, 920 F.2d 457, 463, 464 n. 10 (7th Cir.1990).

■ Only one count in Tobey's complaint has even dimly colorable merit, and we confine our discussion to it. It is the claim that she was forced to resign her job because Schwartz harassed her sexually. Although sexual harassment is a form of sex discrimination forbidden by Title VII, damages are not available under that statute for sexual harassment as such, *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir.1986); *Swanson v. Elmhurst Chrysler Plymouth, Inc.*, 882 F.2d 1235, 1240 (7th Cir.1989)—because Title VII is not a damages statute. *Trautvetter v. Quick*, 916 F.2d 1140, 1147–48 (7th Cir. 1990); *Brooms v. Regal Tube Co.*, 881 F.2d 412, 423 (7th Cir.1989). (We are of course speaking of the statute as it existed before the amendments made to it by the Civil Rights Act of 1991, not contended to be applicable to this case.) Because it provides only equitable relief, a victim of sexual harassment who has left her employer's employment cannot obtain a remedy unless she can prove that the harassment was the cause of her leaving. If she proves that, she can obtain an order reinstating her (with backpay), perhaps with additional equitable relief to protect her against harassment when she resumes her employment, though we cannot find a case on the point. If reinstatement is for one reason or another infeasible, she may be able to obtain, in lieu of it, a monetary award equal to the gain she would have obtained if reinstated ("front pay"). Several circuits have so ruled, *Weaver v. Casa Gallardo, Inc.*, 922 F.2d 1515, 1528 (11th Cir.1991); *Shore v. Federal Express Corp.*, 777 F.2d 1155, 1159 (6th Cir.1985), though the question remains an open one in this circuit. *McKnight v. General Motors Corp.*, 908 F.2d 104, 117 (7th Cir.1990).

■ The question on summary judgment is whether, if the record of the summary judgment proceeding were the record of a trial, a reasonable factfinder, whether judge or jury, could find in favor of the party opposing the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 251, 106 S.Ct. 2505, 2510, 2511–12, 91 L.Ed.2d 202 (1986); *Dairyland Financial Corp. v. Federal Intermediate Credit Bank*, 852 F.2d 242, 244 (7th Cir.1988); *Barker v. Henderson, Franklin, Starnes & Holt*, 797 F.2d 490, 496 (7th Cir.1986). So we must decide whether the hypothetical reasonable fact-

finder, deciding on the basis of the record in the district court, could have found that Tobey quit her job because sexual harassment made it intolerable.

■ Tobey was a personnel administrator for Computat, and Schwartz was the executive vice-president of the company. The two had worked together since 1981, and Schwartz had been Tobey's immediate supervisor for three years beginning in 1986. Schwartz had on a number of occasions made comments to Tobey that had sexual overtones and could have been construed as invitations to have sex with him, although he never propositioned her expressly or threatened her with repercussions if she turned down his advances, as she did. She was not subjected to any retaliatory measures for failing to respond favorably to his advances—if that is what they were, the alternative hypothesis being that he was simply vulgar, boorish, insensitive, and offensive. After Schwartz made a sexually suggestive gesture to Tobey in August 1988, she complained about him to the company's president, who responded by ordering Schwartz to "stay a mile and a half away from her" and stop having personal conversations with her. Schwartz apologized to her, and, according to the statement of uncontested facts that the defendants submitted to the district court, there were no further incidents between him and Tobey and she made no further complaints about sexual harassment. After January 1, 1989, she no longer reported to Schwartz. She resigned from the company in April 1989—eight months after the rebuke to Schwartz and cessation of incidents—stating that she was dissatisfied with her salary and workload.

Could a reasonable finder of fact find that the series of incidents that culminated in August 1988, then ceased completely, was a substantial factor in Tobey's decision to resign eight months later? We think not. That the harassment ceased, that her harasser apologized to her, that shortly afterward she ceased reporting to him, that she made no further complaints about harassment, and that her stated ground for resigning was dissatisfaction with salary

and workload—these facts at the very least placed on her a burden of producing *some* evidence that despite appearances the history of sexual harassment had been eating at her and was a contributing factor in her belated decision to resign ostensibly on other grounds. We need not speculate on the type of evidence that might be produced. Perhaps the expert evidence of a psychologist might have established a plausible linkage between sexual harassment that ended in August 1988 and a seemingly voluntary resignation in April 1989. Tobey proffered no evidence. She stood on her complaint. Mere denials have no standing in a summary judgment proceeding when the movant has supported his motion by affidavits, admissions, or other materials having the force of evidence. Fed.R.Civ.P. 56(e). Without evidence in Tobey's favor beyond what we have recited, no finder of fact would be permitted to infer that Schwartz's sexually suggestive conduct precipitated her resignation. Sheer speculation would be the only way to describe such an inference.

■ Tobey argues that some of the evidence obtained in pretrial discovery and included in the record in the district court shows that Schwartz made at least two offensive comments to Tobey after August 1988. But under a rule of the district court the validity of which she does not and could not question (*Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101 (7th Cir.1990)) the failure to contest a party's statement of uncontested facts is treated as a binding admission of the truth of those facts. *Appley v. West*, 929 F.2d 1176, 1179–80 (7th Cir.1991) (per curiam); *Skagen v. Sears, Roebuck & Co.*, 910 F.2d 1498, 1500 (7th Cir.1990). An admission trumps evidence, rather than vice versa. *Id.* at 1500; *Maksym v. Loesch*, 937 F.2d 1237, 1241 (7th Cir.1991).

The defendants' submissions in the district court established their entitlement to summary judgment. Therefore, although summary judgment was not a proper sanction for the plaintiff's failure to respond to the defendants' motion for summary judgment, the grant of summary judgment and

the entry of final judgment for the defendants must be, and is,

AFFIRMED.

## ORDER

Feb. 22, 1993.

The plaintiff has filed a petition for rehearing, styled as a petition for reconsideration. The petition points out that, as a result of errors in both parties' briefs, the panel's opinion, issued on February 3, 1993, gives the wrong date of the plaintiff's resignation and hence the wrong interval between the last act of harassment and her resignation—14 rather than 8 months. These errors are regrettable and will be corrected in this order, but they do not undermine the essential reasoning of the panel's opinion, and the petition for rehearing is therefore DENIED.

The opinion is hereby AMENDED as follows:

[changes incorporated for purposes of publication].