Diana TOWNSEND, Plaintiff–Appellant,

v.

INDIANA UNIVERSITY, et al., Defendants–Appellees.

No. 92–2869.

United States Court of Appeals, Seventh Circuit.

Argued April 6, 1993.

Decided June 4, 1993.

Anne L. Clark (argued), Deborah A. Ellis, Martha F. Davis, New York City, Carolyn C. Coukos, Indianapolis, IN, for plaintiff-appellant.

Douglas B. King (argued), Katherine L. Shelby, Wooden, McLaughlin & Sterner, Indianapolis, IN, for defendants-appellees.

Before CUDAHY and POSNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

POSNER, Circuit Judge.

This suit by Diana Townsend, a cleaning woman employed at the Indianapolis campus of Indiana University–Purdue University, charges sexual harassment by the university in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (There are other charges and defendants, but they need not be discussed.) The district judge granted summary judgment for the defendant.

According to the evidence submitted by Townsend in opposition to the motion for summary judgment, she was twice sexually assaulted by her immediate supervisor in February 1987 and her repeated complaints to his supervisors were ignored. At the end of the year she transferred to another university facility because she was upset that her assailant had not been disciplined. Early the following year she began exhibiting symptoms of acute psychological distress that she attributed to the sexual assaults and the failure of the university to take any remedial measures. These symptoms caused her to miss some days of work, for which she was not paid. In June 1990 she took an unpaid medical leave of absence from which she has not returned although she remains an employee of the university and can return to her job whenever she feels able to do so. A psychologist has diagnosed her as having post-traumatic stress disorder induced by the sexual assaults.

■ The district judge, applying Title VII as it stood before it was amended by the Civil Rights Act of 1991, held that because Townsend had not been fired or demoted there was no remedy available to her under Title VII. This was error. What is true is that Title VII before its recent amendment did not authorize common law damages as a remedy for violations of the statute. All it authorized was equitable relief, including backpay. As a result there were cases in which a violation did not entitle the plaintiff to any remedy, or at least to any remedy that the plaintiff wanted. Sexual harassment cases in which the plaintiff remains an employee of the defendant accused of harassment are often of that type. If Townsend had remained on the job with no diminution

in wages or benefits she would have had no remedy for the harassment other than an injunction against its repetition, and she isn't asking for an injunction. It does not follow, as the judge believed and the university vigorously asserts on appeal, that involuntary termination, whether in the form of outright discharge or of constructive discharge (where the employer makes life so unbearable for the employee that the latter quits), is a sine qua non to prevailing under Title VII. The statute does not key the plaintiff's rights to termination, but to discrimination, of which sexual harassment has been held to be a form. The only question is whether the discrimination inflicted the kind of harm for which Title VII offers redress. If Townsend were seeking damages for the psychological distress caused by the assaults, she would be out of luck because the unamended Title VII (all we are discussing now) provides no such remedy. But if the assaults caused severe psychological distress that in turn caused her to lose work and as a result wages, she is entitled to recover those wages—a considerable sum by now, since she has been on unpaid medical leave for almost three years.

Against this conclusion the university cites cases which indeed say that the plaintiff could not recover damages unless she had been terminated as a result of discrimination. *Brooms v. Regal Tube Co.*, 881 F.2d 412, 423 (7th Cir.1989); *Gray v. County of Dane*, 854 F.2d 179, 181 n. 3 (7th Cir.1988); *Bohen v. City of East Chicago*, 799 F.2d 1180, 1184 (7th Cir.1986). But all are cases in which the plaintiff was claiming damages as a result of having been terminated, not as here as a result of having been forced to take unpaid leave.

There is no merit to the university's alternative argument that the interval between the assaults (February 1987) and the plaintiff's taking medical leave (June 1990) is just too long to support an inference that the events are causally related. That is a contested and contestable factual issue, unlike the situation in *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir.1993), where a shorter but still considerable delay went unexplained despite the defendant's evidence that the plaintiff's eventual resignation (on which her claim for relief was based) was unrelated to the sexual harassment to which she had been subjected (which incidentally was much milder than here). There is no rule that a contemporaneous complaint is a prerequisite to a finding of sexual harassment. *Snider v. Consolidation Coal Co.*, 973 F.2d 555, 559–60 (7th Cir.1992).

The university attached to its brief a copy of a decision by a hearing examiner in the state workers' compensation office dismissing Townsend's claim for compensation arising out of the assaults on the ground that she had fabricated them. The plaintiff asks us to strike this part of the defendant's brief as irrelevant. It is irrelevant in the sense that the university does not ask us to affirm the district court's judgment on the ground that the hearing officer's opinion should be given collateral estoppel effect in this lawsuit, knocking out the factual props of Townsend's claim of sexual harassment. But it is relevant in another sense. The plaintiff's brief presents a lurid account of the alleged harassment, and the university attached the hearing examiner's opinion to show that there is another side to the plaintiff's story. The motion to strike is denied, but we emphasize that the question whether the sexual assaults actually occurred is not before us.

The case must be remanded. The plaintiff argues that the further proceedings should be controlled by the amended Title VII, which provides in cases of intentional discrimination for a right to a jury trial and authorizes the award of common law damages. 42 U.S.C. §§ 1981a(a)(1), (c). The provisions are related. A plaintiff who seeks only equitable relief is not entitled to a jury trial, either under the Seventh Amendment or under the newly amended Title VII. 42 U.S.C. § 1981a(c). And although backpay can be awarded either in an action at equity or (as damages for lost wages) in a suit at law, the newly amended Title VII confines the right to a jury trial to cases in which the plaintiff is seeking either compensatory or punitive damages, and it defines compensatory damages as excluding backpay. 42 U.S.C. §§ 1981a(b)(2), (c). So if all Townsend were seeking were backpay, she would not be entitled to a jury trial even under the amended

law. However, she is seeking compensatory and punitive damages, as well as backpay, and would therefore be entitled to a jury trial if the amended law applies.

The defendant cites decisions of this court which hold that the 1991 amendments should not (with immaterial exceptions) be given retroactive effect. As we noted recently, the issue is at present before the full court in an en banc case and also before the Supreme Court, which will hear argument in the fall and decide the case probably in the first half of 1994. *Bush v. Commonwealth Edison Co.,* 990 F.2d 928, 933 (7th Cir.1993). We do not know how close the present case is to trial. Possibly the trial would not take place in any event until after the Supreme Court resolves the issue definitively (if it does), especially since the funding of civil jury trials in the federal court system is at this writing uncertain. At argument the plaintiff's counsel suggested that the judge could convene an advisory jury, which would render a judgment on all issues including compensatory and punitive damages, while the judge would make independent findings of fact and conclusions of law under the unamended Title VII and render relief accordingly. Then if the 1991 amendments are held retroactive the jury verdict would stand, otherwise the judge's decision. An alternative would be for the judge to follow circuit precedent without waiting for the Supreme Court to rule. We shall leave it to the district judge to decide in the first instance how best to proceed in order to minimize the costs of litigation in the face of the uncertainty created by the unresolved issue of the retroactivity of the new law.

REVERSED AND REMANDED.