106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Margarito ARGUELLO, Jr., Plaintiff-Appellant,
v.
Jack DUCKWORTH, Defendant-Appellee.
 No. 95-1222.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 17, 1996.*
Decided Jan. 9, 1997.
 
 Before MANION, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 This is an appeal from the district court's order granting summary judgment in favor of defendant. We affirm.
 
 FACTS
 
 2
 Marguarito Arguello, an Indiana prisoner, filed a complaint in forma pauperis against Jack Duckworth, Superintendent of the Indiana Reformatory, pursuant to 42 U.S.C. § 1983, alleging the deprivation of his right to freely exercise his religion in the Native American tradition. Arguello attached three documents to his complaint: Indiana Department of Correction Executive Directive # 88-13, which states the official policy on limitations of religious practice in the prisons; a letter he wrote to the IDOC Director of Religious Services complaining that Directive # 88-13 was not being complied with; and the Director's response. In his complaint, Arguello alleged that his First Amendment free exercise rights were being denied in that Native American prisoners were not allowed to meet weekly to practice their religion, and that they were denied the right to carry and use various religiously significant articles. The district court entered an order allowing Arguello to seek money damages, but denying his request to add defendants.[1]
 
 
 3
 Duckworth moved for summary judgment. In support of this motion, Duckworth attached his sworn affidavit, the Indiana Reformatory Volunteer Service Handbook, an Operations Directive pertaining to the possession and use of religious artifacts by prisoners, an Operations Directive pertaining to arts and crafts programs, and a copy of Arguello v. Shomaker, No. 93 C 832 (S.D.Ind. Aug. 22, 1994), in which the district court resolved a similar claim.[2] In the motion, Duckworth complied with the summary judgment notice required by Lewis v. Faulkner, 689 F.2d 100 (7th Cir.1982). Arguello did not respond and the district court granted summary judgment in favor of Duckworth on November 17, 1994. Arguello appeals.[3]
 
 
 4
 We review a district court's summary judgment de novo. Tobey v. EXTEL/JWP, Inc., 985 F.2d 330, 332 (7th Cir.1993). Summary judgment is appropriate only where "there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). In determining whether a genuine issue of fact exists we examine the record as a whole, viewing all of the evidence in the manner most favorable to the nonmovant. Glass v. Dachel, 2 F.3d 733, 740 (7th Cir.1993). Allegations in a complaint do not constitute evidence. Hughes v. Joliet Correctional Center, 931 F.2d 425, 428 (7th Cir.1991). Even when the nonmovant fails to respond to the summary judgment motion, summary judgment should be granted only if the moving party is entitled to prevail as a matter of law. Tobey, 985 F.2d at 332.
 
 
 5
 Here, summary judgment was appropriately granted. Because Arguello failed to respond to Duckworth's motion for summary judgment, the only evidence in the record consists of the documents attached to Duckworth's motion and IDOC Directive # 88-13, which was attached to Arguello's complaint.[4] Among these documents is Duckworth's sworn affidavit in which he states that (1) Native American prisoners gather for worship at least once a week, and sometimes twice, (2) Native American prisoners are allowed to keep religious artifacts, including those cited in Arguello's complaint, unless they pose a threat to institutional security, and (3) Native American prisoners are not allowed to keep certain herbs because they look like marijuana. These statements are uncontested. Because Duckworth's statement that Native American prisoners are allowed to meet weekly is uncontroverted, the only issues remaining are whether the prison's restrictions on the use of religious artifacts that pose a risk to institutional security and the prison's restrictions regarding substances that resemble marijuana impermissibly burden Arguello's free exercise of his religion.
 
 
 6
 The Religious Freedom Restoration Act ("the Act") provides that the government may substantially burden a person's exercise of religion only if that burden is in furtherance of a compelling interest and involves the least restrictive means of furthering that compelling interest.[5] 42 U.S.C. § 2000bb-1(b). Once an individual has shown that his free exercise rights have been substantially burdened, the government must show that it imposes the burden in the least restrictive manner available to meet a compelling interest. See Sasnett v. Sullivan, 91 F.3d 1018, 1023 (7th Cir.1996) (once a prisoner has shown a substantial burden, "the burden of justification is on the state."), petition for cert. filed, 65 U.S.L.W. 3422 (U.S. Oct. 29, 1996) (No. 96-710).
 
 
 7
 We have said that "a substantial burden on the free exercise of religion, within the meaning of the Act, is one that forces adherents of a religion to refrain from religiously motivated conduct, [or] inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs." Mack v. O'Leary, 80 F.3d 1175, 1179 (7th Cir.1996). Here, Arguello claims that IDOC regulations prevent him from engaging in religious conduct--e.g., wearing medallions and bandanas and possessing certain sacred herbs--that is central to his religious belief. In his sworn statement, Duckworth admitted that some of the conduct Arguello wants to engage in is prohibited by prison regulations: specifically, possessing or wearing certain religious artifacts and possessing certain herbs. Thus, Arguello has made a colorable claim that IDOC regulations substantially burden his free exercise rights.
 
 
 8
 However, the government met its burden of justification by showing a compelling interest in imposing the burdens about which Arguello complains. First, Duckworth stated that only if a prisoners' possession of religious artifacts poses a threat to institutional security is the right to possess the artifact restricted. Prison security has long been recognized as a compelling government interest. Second, Duckworth stated that the reason Arguello's right to possess sacred herbs was restricted is that the herbs resemble marijuana. Clearly, the government has a compelling interest in minimizing the possibility of prisoners smuggling contraband into the prison. Finally, there is no evidence in the record before us that Duckworth has not utilized the least restrictive means available to further these compelling interests. As the district court stated, "[t]he Department of Corrections has appropriately balanced the paramount interest of the State ... in promoting a safe and secure environment within its prisons with the rights of inmates such as Arguello to the free exercise of their religio[n]." (Entry Granting Defendant's Motion for Summary Judgment in Arguello v. Duckworth, No. 94 C 335, at 7 (S.D.Ind. Nov. 17, 1994).)
 
 
 9
 Arguello did not respond to the summary judgment motion with any evidence to rebut Duckworth's justifications, nor did he present any evidence showing a dispute as to whether the defendants complied with the prison regulations. Now he argues both: first, that Duckworth's justification regarding the sacred herbs is pretextual because the herbs can be obtained in forms that do not resemble contraband; and second, that even if the regulations are justified prison employees do not follow the regulations (although he does not specify in what regard the regulations are violated). He also, for the first time, argues that Duckworth discriminates against Native American prisoners in violation of the Equal Protection Clause. However, our task is not to gather new facts, nor is it to decide legal questions not presented to the district court. Rather, our task is to determine on the record whether, as a matter of law, summary judgment was properly granted in this case. Because it was, the district court's judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 After filing his complaint, Arguello tendered an amended complaint to the district court prior to the service of a responsive pleading, which he was entitled to do as of right. See Fed.R.Civ.P. 15(a). The amended complaint was not made part of the district court record, and hence is not part of the record on appeal. However, it is clear from a review of the proceedings conducted below that the amended complaint was considered by the district court. Accordingly, on our own motion, pursuant to Fed.R.App.P. 10(e), we direct the district court clerk to prepare, certify and transmit as a supplement to the record on appeal a copy of Arguello's amended complaint. We further direct that the supplemental record be accepted for filing by the clerk of this court without regard to the issuance of our mandate in the event the mandate issues prior to receipt of the supplemental record
 
 
 [2]
 The plaintiff in Arguello v. Shomaker is not the Plaintiff-Appellant in this action
 
 
 [3]
 In addition to Arguello's main contention--that the district court erred in granting summary judgment--he argues that the district court abused its discretion in denying his motion to appoint counsel. He claims that the district court's failure to appoint counsel resulted in his inability to sufficiently investigate and present his claims. However, Arguello did not request the appointment of counsel until after the district court granted summary judgment. Assuming arguendo that the district court's denial of counsel was improper, the denial of counsel could not have caused the harm about which Arguello complains. Thus, this claim is without merit. Moreover, the motion was facially insufficient as Arguello presented no evidence that he made reasonable efforts to secure private counsel. Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir.1992)
 Arguello also attempts to excuse his failure to respond to Duckworth's motion for summary judgment by pointing to his placement in disciplinary segregation and the resulting inaccessibility of legal materials to him. Again, Arguello was placed in segregation in December of 1994, after the district court granted Duckworth's motion, and long after Arguello's response was due.
 
 
 [4]
 The two letters attached to Arguello's complaint are "not sworn and thus [are] not of the evidentiary quality required for summary judgment proceedings." Dorsey v. St. Joseph County Jail Officials, No. 96-1407, at 3 n. 2 (7th Cir. Oct. 28, 1996)
 
 
 [5]
 Arguello did not cite RFRA in his complaint. However, Duckworth used the RFRA standard in his motion for summary judgment, (R. 15 at 7-8), and the district court ruled on Arguello's claim using RFRA's more "plaintiff-friendly" standards. See Sasnett v. Sullivan, 91 F.3d 1018, 1022 (7th Cir.1996) ("[RFRA] does not alter [the First Amendment's] meaning. It creates a new statutory right designed to buttress the constitutional right.") Likewise, although Arguello does not explicitly argue for the RFRA standard in his brief, he does argue strenuously that his free exercise rights have been unjustly burdened for no good reason. Thus, we will consider his claim under RFRA