**Tamara McSWAIN, Plaintiff,**

v.

**Marvin T. RUNYON, Defendant.**

**No. 97 C 1474.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 8, 1998.

---

5. No court has recognized, as a class, employees who stand up for their constitutional rights.

*Gray*, 885 F.2d at 414.

Tamara V. McSwain, Chicago, IL, pro se.

Cathleen Rene Martwick, U.S. Attorney's Office, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Tamara McSwain, brought suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12117. The defendant, Marvin Runyon, Postmaster General, moves for summary judgment.[1] For the following reasons, the motion is granted.

### Background[2]

Ms. McSwain received a Notice of Removal from the United States Postal Service ("USPS") on November 22, 1994. At the time, Ms. McSwain was working for the USPS in Bedford Park, Illinois. The Notice of Removal documented Ms. McSwain's inability to maintain a regular work schedule in September, October, and November, 1994. The Notice of Removal also noted that since 1990, Ms. McSwain had been suspended four times and given two letters of warning due to her failure to maintain a regular work schedule. Ms. McSwain signed the Notice of Removal and she was terminated on December 21, 1994.

Over four months later, on April 24, 1995, Ms. McSwain requested Equal Employment Opportunity ("EEO") counseling based on the Notice of Removal. On August 10, 1995, Ms. McSwain received a notice of final interview and was informed she had fifteen days to file a formal discrimination complaint. On August 19, 1995, a Regional Arbitration Panel upheld Ms. McSwain's termination. Ms. McSwain did not file a formal complaint within fifteen days.

On September 6, 1995, Ms. McSwain made a second request for EEO counseling. Ms. McSwain received counseling and filed a formal complaint of discrimination on November 30, 1995. The complaint was dismissed for untimeliness in contacting an EEO counselor. Ms. McSwain appealed to the Equal Employment Opportunity Commission ("EEOC"). The appeal was denied. The EEOC also found that Ms. McSwain failed to timely contact an EEO counselor. Undeterred, Ms. McSwain filed suit in this court alleging race,

---

1. Mr. Runyon filed a motion to dismiss, or, in the alternative, for summary judgment. Since Mr. Runyon has supplemented his filings with a Rule 12(M) Statement and other documents outside of the complaint, I will consider his motion one for summary judgment.

2. Mr. Runyon filed his motion for summary judgment on September 18, 1997. Mr. Runyon included notice to Ms. McSwain of the consequences of failing to respond to his motion. Ms. McSwain's response to Mr. Runyon's summary judgment motion, which was due on October 20, 1997, was never filed. The fact Ms. McSwain did not respond to the summary judgment motion does not change the court's inquiry. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993). It does, however, simplify it. I deem admitted all facts set forth in Mr. Runyon's 12(M) statement, because by failing to file a response, Ms. McSwain failed to controvert those facts. N.D.Ill. Local R. 12(N)(3).

sex, color, national origin, and disability discrimination.

*EEO Regulations and Exhaustion*

EEO regulations require that all "[a]ggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing [an administrative] complaint in order to try to informally resolve the matter." 29 C.F.R. § 1614.105(a).[3] "An aggrieved person must initiate contact with a Counselor . . . in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the aggrieved person does not comply with the time limits set forth in the Regulations, a later filed complaint "shall" be dismissed. 29 C.F.R. § 1614.107. The time limit may be extended if the aggrieved party

> shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know or reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

29 C.F.R. § 1614.105(a)(2).

■ In the Seventh Circuit, the forty-five day time limit to seek EEO counseling is considered a statute of limitations for bringing suit in federal court. *Rennie v. Garrett,* 896 F.2d 1057, 1062 (7th Cir.1990). An administrative dismissal for failure to comply with the time limit bars a federal suit. *McGinty v. United States Dep't of the Army,* 900 F.2d 1114, 1117–18 (7th Cir.1990). According to EEO guidelines, the forty-five day time limit begins to run from the "effective date of the action." 29 C.F.R. § 1614.105(a)(1).

■ Ms. McSwain was effectively removed from the USPS on December 21, 1994. Thus, Ms. McSwain had until February 4, 1995, to seek EEO counseling. She first requested EEO counseling on April 24, 1995.

(Def.Ex. 2). Ms. McSwain waited seventy-nine days beyond the forty-five day time limit to seek EEO counseling. Even after receiving counseling and being given notice she had a right to file a complaint, Ms. McSwain did not comply with the requirement of filing a complaint within fifteen days of receiving her notice. Having missed her opportunity to file a complaint, Ms. McSwain requested EEO counseling a second time on September 6, 1995. (Def.Ex. 7). This request came two hundred and fourteen days after the forty-five day time limit had run. Both the USPS and the EEOC dismissed Ms. McSwain's complaint because she failed to comply with the forty-five day time limit.

Ms. McSwain failed to initiate counseling with EEO personnel within forty-five days of her termination. Thus, unless she has an appropriate basis for tolling the time period, her claim is barred. As noted above, there are statutorily delineated circumstances when the forty-five day time limit may be extended. 29 C.F.R. § 1614.105(a)(2). The individual claiming an extension has the burden of showing an extension is warranted. *Id.*

In her amended complaint, Ms. McSwain suggests that a nervous breakdown and Pneumatic depressions prohibited her from requesting counseling during the forty-five day period. The only evidence presented regarding Ms. McSwain's mental condition is provided by Mr. Runyon and was originally attached to Ms. McSwain's EEOC appeal. (Def.Ex. 12). The documentation indicates Ms. McSwain received outpatient psychiatric counseling for severe depression which prevented her from working from February 10, 1994, to May 11, 1994. At the time her treatment ended, Ms. McSwain "exhibited a moderate degree of depression." Ms. McSwain returned to work after this treatment and was eventually terminated in December, 1994. There is no evidence, however, that Ms. McSwain suffered from a mental condition, let alone a debilitating condition that prohibited her from seeking EEO counseling, at the time of her termination or during the following forty-five days in which she was required to initiate EEO counseling.

---

**3.** Like Title VII claims, claims brought under the American with Disabilities Act are also covered by these regulations. *Beason v. Bower,* No. 96 C

1097, 1996 WL 556728, at *4–5 (N.D.Ill. Sept.26, 1996).

Nothing in the record indicates Ms. McSwain was mentally unable to request EEO counseling in a timely fashion.[4]

### Conclusion

Ms. McSwain had forty-five days from the time of her termination to seek EEO counseling. She failed to initiate EEO counseling in that time period and has presented no evidence excusing her failure to seek such counseling. Accordingly, her claims are time barred and Mr. Runyon's motion for summary judgment is granted.

---

**4.** Ms. McSwain may also extend the forty-five day limit if she can prove she was unaware of the forty-five day time limit or the personnel action against her. Since Ms. McSwain signed the Notice of Removal, she was aware of her termination. Further, as required by EEO regulations, Ms. McSwain's place of employment clear-

ly displayed posters informing employees of the forty-five day time limit. (Def.Ex.10).