Selma GEDER, Plaintiff,

v.

Salvador GODINEZ, George DeTella, James Schomig, Jerome Springborn, Mark Nelson, Thomas Page, Sharon Cain, John Doe, and Jane Doe, Defendants.

No. 96 C 1404.

United States District Court, N.D. Illinois, Eastern Division.

June 11, 1998.

Selma Geder, Menard, IL, plaintiff pro se.

William Joseph Cook, Cook & Ritter, Chicago, IL, for Selma Geder, plaintiff.

Alexandra C. Buzanis, Attorney General's Office, Chicago, IL, Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, Vanessa Victoria Clohessy, Hodges, Loizzi, Eisenhammer, Rodick & Kohn, Arlington Heights, IL, for Salvador A. Godinez, George E. Detella, J. Schoming, J. Springhorn, Mark Nelson, Thomas F. Page, defendants.

Alexandra C. Buzanis, Attorney General's Office, Chicago, IL, Susan Takata O'Leary, Illinois Dept. of Corrections, Chicago, IL, for S. Cain, defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The plaintiff, Selma Geder, sued the defendants, employees of the Illinois Department of Corrections at Stateville Correctional Center ("Stateville") and the Illinois Department of Corrections at Menard Correctional Center ("Menard"), under 42 U.S.C. § 1983, alleging violations of his First and Fourteenth Amendment rights. The defendants move for summary judgment. For the following reasons, the motion is granted.[1]

### Background

Selma Geder is an inmate incarcerated within the Illinois Department of Corrections. (Rule 12(M) Statement ¶ 1). Mr.

---

1. Mr. Geder's response to the defendants' summary judgment motion was due on March 16, 1997. It was never filed. The fact Mr. Geder did not respond to the summary judgment motion does not change the court's inquiry. *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir. 1993). It does, however, simplify it. I deem admitted all facts set forth in the defendants' Local Rule 12(M) statement because by failing to file a response, Mr. Geder failed to controvert those facts. N.D.Ill. Local R. 12(N)(3).

Geder was transferred from Stateville to Menard in December, 1995. (Rule 12(M) Statement ¶ 30). Mr. Geder complains that while at Stateville and Menard his legal mail was opened outside of his presence and, on occasion, never delivered to him.

Mr. Geder alleges he did not receive mail from Tina Younnis, an Assistant State's Attorney, purportedly sent on November 11, 1994. (Rule 12(M) Statement ¶¶ 3–4). Ms. Younnis gave Mr. Geder a copy of the documents sent in November, 1994, in February, 1995. (Rule 12(M) Statement ¶ 6).

Sometime in 1995 Mr. Geder attempted to retain the Chicago law firm of Jenner and Block to represent him. Jenner and Block declined to represent Mr. Geder. (Rule 12(M) Statement ¶¶ 8–9). On July 3, 1995, Mr. Geder received a standard sized envelope from Jenner and Block with a cut on top of the envelope. The contents inside the envelope were intact. (Rule 12(M) Statement ¶ 10).

On November 17, 1995, Mr. Geder received a letter from Monique Washington, a pro bono coordinator at Jenner and Block. The letter communicated Jenner and Block's decision not to represent Mr. Geder. (Rule 12(M) Statement ¶ 12). The letter was unopened and referenced a previous letter sent in August, 1995, indicating Jenner and Block would not represent Mr. Geder. (Rule 12(M) Statement ¶¶ 13–16). Mr. Geder claims the August, 1995 letter was never delivered to him.

In January, 1996, Mr. Geder received a letter from Margaret Byrne, an attorney, which had been opened by a machine. (Rule 12(M) Statement ¶ 22). Mr. Geder was a witness in a case Ms. Byrne handled. (Rule 12(M) Statement ¶ 24). The letter was neither read nor were its contents removed. The letter was stamped "opened by mistake." (Rule 12(M) Statement ¶ 25).

Nobody read Mr. Geder's legal mail and Mr. Geder did not see any of the defendants reading, opening, or taking any of the mail at issue in this case. (Rule 12(M) Statement ¶ 19).

*Legal Mail*

Mr. Geder argues that his First and Fourteenth Amendment rights were violated by the unauthorized opening of his "legal mail" and his failure to receive mail. "[P]rison inmates are not stripped of all First Amendment rights at the prison gate. . . . Furthermore, the Fourteenth Amendment affords prisoners a due process right to adequate, effective, and meaningful access to the courts." *Watson v. Cain*, 846 F.Supp. 621, 626 (N.D.Ill.1993). Even assuming Mr. Geder's mail was "legal mail" protected from unauthorized opening or destruction, his claims fail for a variety of reasons.[2]

Mr. Geder complains that the inappropriate handling of his mail violated his right to adequate access to the courts. "[A] showing of prejudice is a required element of a right-of-access claim." *Id.* at 628; *accord Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir.1988) (finding a plaintiff must demonstrate denial of "meaningful" access to the courts to make out a claim for denial of access to the courts). The record, particularly Mr. Geder's deposition, presents no evidence that Mr. Geder's mail problems caused any prejudice to his ability to pursue his legal claims. (Geder Dep. at 53–62). In one instance of lost mail Mr. Geder received the same documents two months later. (Rule 12(M) Statement ¶ 6). In another instance, the lost mail simply informed Mr. Geder that Jenner and Block would not represent him. (Rule 12(M) Statement ¶¶ 13–16). Another time there was no harm because the mail dealt with a case in which Mr. Geder was only a witness. (Rule 12(M) Statement ¶¶ 23–25).

Furthermore, Mr. Geder does not present any evidence that the opening or loss of his mail was a deliberate act. The negligent loss or inadvertent opening of Mr. Geder's mail

---

2. The Illinois Department of Corrections ("IDOC") has a variety of restrictions and regulations regarding inmate mail. The Seventh Circuit has upheld the constitutionality of these restrictions. *Gaines v. Lane*, 790 F.2d 1299 (7th Cir.1986). One of these regulations requires all privileged mail (i.e. legal mail) be clearly marked "privileged." IDOC Rule § 525.140(a) (attached as Df.Ex.E). In addition to other deficiencies in Mr. Geder's case, his claims for the unauthorized opening of "legal mail" fail because there is no evidence the alleged "legal mail" was appropriately marked.

does not violate the Due Process Clause of the Fourteenth Amendment. *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). To succeed Mr. Geder must show the defendants acted recklessly or with actual intent towards his mail. The evidence indicates the exact opposite. One item of mail Mr. Geder states was opened was marked "Opened by Mistake," indicating negligence on the part of the person who opened the mail, not deliberate action.

▮ Additionally, Mr. Geder does not present any evidence that the defendants in this case were personally involved with the problems with his mail.[3] Mr. Godinez was Warden of Stateville from 1991 to 1995. Mr. DeTella has been the Warden at Stateville since 1995. Mr. Schomig has been the Assistant Warden of Operations at Stateville since 1990. Mr. Springborn has been the Assistant Warden of Programs at Stateville since 1991. Mr. Nelson has been a Correctional Caseworker at Stateville since 1995. Mr. Page has been the Warden at Menard since 1995. (Rule 12(M) Statement ¶ 2). There is no supervisor liability or respondeat superior liability under Section 1983. *Del Raine v. Williford,* 32 F.3d 1024, 1047 (7th Cir.1994) (citations omitted). Thus, to succeed with his claim, Mr. Geder must show the defendant-supervisors were personally involved in the conduct that led to his alleged mail violations. "[S]upervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988). Supervisors must "act either knowingly or with deliberate, reckless indifference." *Id.* at 992–93. Each of the defendants in this case submitted an affidavit stating he had no involvement in Mr. Geder's mail being opened or misdirected. (Df.Exs.B–G). Mr. Geder has produced no evidence that suggests any of the defendants acted knowingly or with deliberate indifference to his mail rights.

*Retaliation*

▮ Mr. Geder alleges that he was transferred from Stateville to Menard in retaliation for legal activities that the defendants learned about by reading his mail. (Comp.¶ 28). "[P]rison officials may not transfer a prisoner in retaliation for his exercise of a constitutionally protected right." *Williams v. Faulkner,* 837 F.2d 304, 309 n. 7 (7th Cir.1988) (citation omitted), *aff'd on other grounds, Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). For Mr. Geder to prevail on his claim of retaliatory transfer he must prove the impermissible retaliation was the "substantial or motivating factor" behind his transfer. *Brookins v. Kolb,* 990 F.2d 308, 315 (7th Cir.1993); *accord Cornell v. Woods,* 69 F.3d 1383, 1387–88 (8th Cir.1995). The record is devoid of any evidence that Mr. Geder was transferred from Stateville to Menard based on his legal activities. The defendants have offered affidavits stating they had no involvement in Mr. Geder's transfer. (Df.Exs.A–F). The affidavits also indicate Mr. Geder was transferred after assaulting a law library staff member. (Df.Exs.C–F). Accordingly, Mr. Geder's retaliation claim fails.

*Conclusion*

For the foregoing reasons, the defendants' motion summary judgment is granted.

---

3. Mr. Geder named "Jane Doe" and "John Doe," unknown individuals working in the mail rooms at Stateville and Menard, as defendants. To date, Mr. Geder has not executed a summons or complaint on any Jane or John Does. According-
ly, if such individuals exist, they are not a part of this case. Fed.R.Civ.Pro. 4(m). Additionally, a summons and complaint has not been served on Sharon Cain. Thus, she is not involved in the present case. *Id.*