**Miguel GUARDADO, Plaintiff–Appellant,**

v.

**NASSAU COUNTY CORRECTION FACILITY, Sergeant Joseph Bergen, Corrections Officer Henry Regnier, and Corrections Officer Edward Velasquez, Defendants–Appellees.**

No. 05–0497–CV.

United States Court of Appeals, Second Circuit.

Dec. 21, 2005.

Miguel Guardado, Ray Brook, NY, for Appellant, pro se.

David B. Goldin, Deputy County Attorney (Lorna B. Goodman, County Attorney, County of Nassau, on the brief), County of Nassau, Mineola, NY, for Appellees.

PRESENT: AMALYA L. KEARSE, RICHARD J. CARDAMONE and JOSÉ A. CABRANES Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.

*Pro so* plaintiff[1] Miguel Guardado appeals from a December 23, 2004 judgment of the District Court which granted defendants' motion for summary judgment and dismissed his claims arising under 42 U.S.C. § 1983 on the basis that plaintiff had failed to exhaust the required administrative grievance proceedings pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), and denied his motion to replace appointed counsel. We assume the parties' familiarity with the underlying facts and procedural background of this case.

We review *de novo* a district court's grant of summary judgment. *Ford v. McGinnis*, 352 F.3d 582, 587 (2d Cir.2003). "In determining whether there are genuine issues of material fact, we are required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003) (internal quotation marks omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir.2002). Where an "opposing party completely fails to respond to a summary judgment motion, Rule 56(e) permits judgment for the moving party only 'if appropriate—that is, if the motion demonstrates that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.'" *Johnson v. Gudmundsson*, 35 F.3d 1104, 1112 (7th Cir.1994) (emphasis omitted) (quoting *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 332 (7th Cir.1993)).

Pursuant to 42 U.S.C. § 1983, plaintiffs may seek damages for the deprivation of their constitutional rights, privileges, or immunities by persons acting under the color of state law. *See* 42 U.S.C. § 1983. However, an inmate must exhaust all available administrative remedies prior to bringing a § 1983 action "with respect to prison conditions." 42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 523–24, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

In *Hemphill v. New York*, a panel of this Court stated that, where "a prisoner plaintiff plausibly seeks to counter defendants' contention that the prisoner has failed to exhaust available administrative remedies," a three-part inquiry should guide a district court's analysis of whether a plaintiff has met the requirements of § 1997e(a). *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir.2004). First, a district court must determine whether administrative remedies were available for the purposes of § 1997e(a). *Id.* at 686–88. Second, a court must consider whether the defendant should be estopped from asserting the defense of failure to exhaust by inhibiting the ability of the plaintiff to pursue administrative remedies. *Id.* at 688–89. Lastly, where administrative remedies were available and the defendant has not forfeited the defense of failure to exhaust, a court must consider whether "special circumstances" excuse the plaintiff's failure to pursue or exhaust administrative remedies. *Id.* at 689–91.

Here, the District Court's exhaustion analysis was based on "facts … taken solely from the Defendants' Rule 56.1 Statement of Facts due to Plaintiff's failure to submit a Rule 56.1 Counter–Statement." Because plaintiff's counsel did not respond to defendants' motion for sum-

---

**1.** Plaintiff, who is *pro se* on appeal, was represented in the proceedings below by Arturo G. Quintana, who was appointed counsel by the Eastern District of New York "on the basis of random selection from the Pro Bono panel." *Guardado v. Nassau County Corr. Facility*, No. 01–CV–4298 (JS) (E.D.N.Y. Dec. 3, 2001) (order appointing counsel).

mary judgment by presenting any legal arguments or disputing material facts, the District Court chose to accept defendants' assertion that plaintiff failed to exhaust available administrative remedies by not "fil[ing] a grievance with [Nassau County Correctional Facility] regarding the alleged incident that is the subject of this action."[2] In reaching its conclusion, the District Court did not analyze plaintiff's claims pursuant to the three-part test set forth in *Hemphill*. And because of counsel's failure to submit an affidavit supporting the portion of plaintiff's complaint that alleged that plaintiff had in fact attempted to file a grievance against Nassau County, but that DOCS refused to process it "on grounds of jurisdiction," the District Court did not address the question of whether the defendants might be estopped from raising the non-exhaustion defense.[3]

 On appeal, plaintiff asserts that by failing to file a response to defendants' motion for summary judgment, his lawyer in the proceedings below—Arturo G. Quin-

tana—provided ineffective assistance of counsel, thereby violating plaintiff's Sixth and Fourteenth Amendment rights. It is settled law, however, that the constitutional guarantee of effective assistance of counsel does not extend to civil cases. *See, e.g., United States v. Coven,* 662 F.2d 162, 176 (2d Cir.1981); *Watson v. Moss,* 619 F.2d 775, 776 (8th Cir.1980). Nonetheless, in light of the particular circumstances presented here—where plaintiff's counsel, who was appointed by the District Court, failed to consult with his client and presented no meaningful response to defendants' motion for summary judgment notwithstanding allegations in the complaint that plaintiff had attempted to file a grievance with prison officials—equitable considerations dictate that plaintiff's case should not have been dismissed pursuant to Federal Rule of Civil Procedure 56(e).

Accordingly, we remand to the District Court with instructions to appoint new counsel who will respond to defendants' June 16, 2004 motion for summary judgment. The District Court shall direct

2. In June 2004, plaintiff filed a *pro se* response to defendants' motion for summary judgment, contending that his court-appointed counsel had failed to communicate with him adequately, and moved for appointment of a replacement attorney. Plaintiff did not otherwise address the defendants' summary judgment motion.

In addition to plaintiff's motion, his appointed attorney, Quintana, filed a two-page affirmation in opposition to the summary judgment motion. Quintana failed to file a memorandum of law, or any exhibits or affidavits in connection with the affirmation, and his affirmation completely failed to raise legal arguments or dispute the facts raised by the defendants in their motion for summary judgment. Instead, Quintana argued that summary judgment should not be granted because "[t]he defendant in this action Nassau County, has prepared an extensive work, purported to derail and destroy the *pro-se* claim of this plaintiff, however none of the allegations of the defendant are worthy of the terminal effect of summary judgment." The only argu-

ment made by Quintana in the affirmation was that it would be unfair to hold the defective service by the Marshals Service against plaintiff.

In July 2004, the defendants replied to plaintiff's opposition, arguing, *inter alia*, that: (1) the affirmation submitted by Quintana failed to meet the technical requirements of the District Court's Local Rule 7.1, in that it failed to include a memorandum of law; and (2) plaintiff had failed to raise sufficient issues of fact, and, therefore, summary judgment should be granted.

3. Specifically, plaintiff alleged in Section II.D of his complaint that

New York State–Dep't of Correctional Svcs refused to process plaintiff's grievance against Nassau County on grounds of jurisdiction. Plaintiff filed a complaint with the FBI instead and thereafter hear that some of the guards have been sent to prison for criminal actions related to the death of an inmate in custody of the respondents.

newly-appointed counsel to address defendants' arguments concerning plaintiff's failure to exhaust available administrative remedies, as well as defendants' claims that no genuine issues of material fact remain on the merits of plaintiff's suit. In reconsidering the issue of exhaustion, the District Court should determine, pursuant to our holding in *Hemphill*, whether administrative remedies were available to plaintiff, whether the defendants' affirmative defense of non-exhaustion was properly raised and preserved, and, assuming administrative remedies were available and that the defendants were not estopped from raising a non-exhaustion defense, whether "special circumstances" existed that would have prevented plaintiff from filing a grievance through the normal procedures.

Finally, our disposition of this case is without prejudice to any review that the Eastern District of New York may wish to undertake concerning whether Mr. Quintana should continue to be included on the list of approved *pro bono* appointed counsel.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and found each of them to be without merit. In light of the foregoing, the judgment of the District Court is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.

To facilitate any review that the District Court may wish to conduct concerning Mr. Quintana's performance as appointed counsel, the Clerk of Court is instructed to provide a copy of this order to the Chief Judge of the United States District Court for the Eastern District of New York.